UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23235-Civ-SCOLA/TORRES

LEZER CORP.,
a Delaware corporation,

       Plaintiff,

v.

NOBLE PARTNERS, LLC,
a Maine limited liability company, d/b/a
NOBLE MEDICAL SUPPLY, and
SEAN GRADY, an individual,

       Defendants.
_____/

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR A PREJUDGMENT
WRIT OF ATTACHMENT AND PRELIMINARY INJUNCTION**

This matter is before the Court on Lezer Corp.'s ("Plaintiff") motion for a prejudgment writ of attachment and preliminary injunction on the assets of Noble Partners LLC ("Noble") and Sean Grady ("Mr. Grady") (collectively, "Defendants") pursuant to § 76.04 Fla. Stat. (2018) and § 77.031 Fla. Stat. (2018). No response was filed in opposition and the time to do so has passed. Therefore, Plaintiff's motion is now ripe for disposition. After careful review of the motion, relevant authorities, and for the reasons discussed below, Plaintiff's motion should be **DENIED**.[1]

---

[1] On September 4, 2020, the Honorable Robert N. Scola referred Plaintiff's motion to the undersigned Magistrate Judge for disposition. [D.E. 13].

1

## I. ANALYSIS

Plaintiff filed an eight-count complaint on August 4, 2020 [D.E. 1], alleging breach of contract, conversion, fraud, unjust enrichment, piercing the corporate veil, civil conspiracy, constructive trust, and civil theft. Plaintiff claims that the facts of this case stem from the unlawful actions that Defendants took in response to the COVID-19 pandemic. In May 2020, the parties began negotiations so that Defendants could supply Plaintiff with the delivery of alcohol wipes. The parties formally entered into an agreement on May 8, 2020, when Noble agreed to supply Plaintiff with 216,000 units of wipes by May 18, 2020. In exchange, Plaintiff agreed to pay Noble $432,000 with 25% ($108,000) due as a deposit and the remaining balance due upon delivery of all the wipes (216,000 units). If Noble failed to materially complete the order, the parties agreed that Plaintiff's deposit would be returned.

On May 11, 2020, Plaintiff wired the deposit funds to Noble. Noble then delivered a total of 14,400 units of wipes or five percent of the amount that Noble had promised. When Plaintiff questioned Defendants on the status of the remaining wipes, Mr. Grady had no answer. Another two weeks passed and no other delivery was made. Plaintiff claims, at that point, it understood that Defendants had no intention of ever delivering the remaining wipes and demanded the return of its deposit. However, Defendants refused. Plaintiff subsequently learned that, approximately one year earlier on June 6, 2019, law enforcement

indicted Mr. Grady in Maine state court on criminal charges of securities fraud, theft by deception, and selling securities without a license.

Plaintiff then discovered that Mr. Grady was operating Noble and other affiliated business entities as alter egos to extend his criminal fraud enterprise and to conceal his identity. And based on media reports, Plaintiff also determined that Mr. Grady sought to defraud other supply-strapped healthcare companies out of millions of dollars with promises of significant quantities of medical supplies and no intention of completing any delivery. As such, Plaintiff filed this action to recover damages, prejudgment interest, fees, and costs.

### A. *Preliminary Injunction*

Having set forth the relevant facts, we begin with Plaintiff's request for a preliminary injunction. It is well established that a district court has the authority to provide preliminary relief, including an asset freeze, if the underlying cause of action is based on equitable principles. *See Levi Strauss & Co. v. Sunrise Int'l Trading Inc.,* 51 F.3d 982, 986-87 (11th Cir. 1995). However, the Eleventh Circuit has prohibited the use of a preliminary injunction to freeze assets or funds solely to ensure a future potential monetary award. *See Rosen v. Cascade Int'l, Inc.,* 21 F.3d 1520, 1530 (11th Cir. 1994) ("We repeat: preliminary injunctive relief freezing a defendant's assets in order to establish a fund with which to satisfy a potential judgment for money damages is simply not an appropriate exercise of a federal district court's authority.").

Plaintiff seeks a preliminary injunction to prevent Defendants from transferring or otherwise divesting assets so that Plaintiff can recover its deposit of $108,000 dollars. While never stated directly, Plaintiff implies that its equitable claims for conversion and unjust enrichment are sufficient to impose a preliminary injunction. But, under Florida law, "counts for conversion and unjust enrichment [are] both actions at law," at least when the property alleged to have been converted and the benefit conferred unjustly are money. *Weinstein v. Aisenberg,* 758 So. 2d 705, 707 (Fla. 4th DCA 2000) (Gross, J., concurring); *see also M.I. Indus. USA Inc. v. Attorneys' Title Ins. Fund, Inc.,* 6 So.3d 627, 629 (Fla. 4th DCA 2009) (dissolving a preliminary injunction that froze defendant's assets because "an action for unjust enrichment is an action at law" and therefore "money damages will suffice to compensate any loss"); *Lopez–Ortiz v. Centrust Sav. Bank,* 546 So. 2d 1126, 1127 (Fla. 3d DCA 1989) (holding that the plaintiff was not entitled to preliminary injunctive relief because it "brought an action at law for money damages for conversion and stated no ground for equitable relief"). Thus, neither conversion nor unjust enrichment can be a basis for a preliminary injunction.

Plaintiff then argues that its claim for constructive trust is based on equitable principles and that it too can be used as a vehicle for a preliminary injunction even though the relief sought is only money damages. The Eleventh Circuit's decision in *Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1521 (11th Cir. 1994), is instructive on this point. There, the plaintiff sought the equitable remedy of a constructive trust to prevent the dissipation of assets and

4

the district court granted injunctive relief in the form of an asset freeze. The plaintiff then argued on appeal that a preliminary injunction was appropriate to preserve the ability of the district court to order the defendant to disgorge any improperly transferred funds. Yet, the Eleventh Circuit reversed the preliminary injunction and rejected the plaintiff's argument with the rationale that:

> This position . . . fails to recognize that constructive trusts are not automatically impressed whenever one party owes another money, and it apparently overlooks the essence of the remedy—that constructive trusts are inherently equitable in nature and that equitable relief is available only in the absence of an adequate remedy at law.

*Id.* at 1518.

The Court ultimately determined that legal remedies, including statutory damages under state and federal RICO laws, were sufficient to preclude resort to equitable relief. And the Court further noted that its holding was consistent with a "long and unbroken line of Florida cases" because "in an action at law for money damages, there is simply no judicial authority for an order requiring the deposit of the amount in controversy into the registry of the court . . . or indeed for any restraint upon the use of a defendant's unrestricted assets prior to the entry of judgment." *Id.* at 1531 (quoting *Konover Realty Assoc., Ltd. v. Mladen*, 511 So. 2d 705, 706 (Fla. 3d DCA 1987)).

The Eleventh Circuit's reasoning applies with equal force here because "[c]ases in which the remedy sought is the recovery of money (whether as collection on a debt or as damages) do not fall within the jurisdiction of equity . . . and the imposition of a constructive trust generally will not be the appropriate remedy." *Id.*

5

This is true "even when the cause of action implicates fraud or some other characteristic that would otherwise trigger equity jurisdiction." *Id.* at 1518-19. Thus, "[t]here is nothing talismanic about pleading an equitable cause of action such that a court can ignore the essence of the remedy sought." *Storehouse Credit Union, EK. For. v. Cusumano*, 2010 WL 11508264, at *7 (M.D. Fla. July 26, 2010) (citing *SME Racks, Inc. v. Sistemas Mecanicos Para, Electronica, S.A.*, 243 F. App'x 502, 503 (11th Cir. 2007) ("Essentially, the Appellants maintain that they are automatically entitled to an injunction solely by virtue of the equitable relief they seek, irrespective of the legal principles that are considered in making such a determination. We find the Appellants' arguments lack merit.")).

In light of the holding in *Mitsubishi*, Plaintiff has failed to explain how a preliminary injunction can be granted if the only remedy Plaintiff seeks is the return of its deposit in the form of money damages. *See, e.g., Brown v. Pontus LLC*, 2017 WL 4934666, at *1 (S.D. Ga. Oct. 30, 2017) (denying a plaintiff's request for a preliminary injunction because "Plaintiff's sole reasoning for requesting a preliminary injunction is to prevent Defendants from liquidating their assets to avoid a future award."). Plaintiff requests that we look past the recovery of money damages and focus instead on the equitable nature of a constructive trust. But, this position has no support in either the Eleventh Circuit or Florida state courts. And to the extent Plaintiff argues that a preliminary injunction is appropriate because of the uncertainty in collecting a monetary award from Defendants, that too is unpersuasive because "[t]he test of the inadequacy of a remedy at law is whether a

judgment could be obtained, not whether, once obtained it will be collectible." *St. Lawrence Co. v. Alkow Realty, Inc.,* 453 So. 2d 514, 514–15 (Fla. 4th DCA 1984).

Accordingly, Plaintiff's motion for a preliminary injunction should be **DENIED** because, under Florida law, "an injunction cannot be entered to prevent a party from using or disposing of his assets prior to the conclusion of a legal action." *Doe No. 2 v. Epstein*, 2009 WL 10667854, at *1 (S.D. Fla. Nov. 5, 2009) (citing Briceno v. Bryden Investments, Ltd., 973 So. 2d 614, 616 (Fla. 3d DCA 2008)); *see also SME Racks, Inc.*, 243 F. App'x at 502 (affirming district's court's denial of preliminary injunction to freeze defendant's assets); *Proctor v. Eason*, 651 So. 2d 1301, 1301-02 (Fla. 2d DCA 1995) (holding that a defendant was not required to deposit funds in a court registry prior to final judgment where the plaintiff failed to show unavailability of an adequate remedy at law); *Lawhon v. Mason*, 611 So. 2d 1367 (Fla. 2d DCA 1993) (quashing trial court order requiring defendant to give plaintiffs ten days notice prior to the transfer of any assets in excess of $500).

### B. *Attachment and Garnishment*

Next, Plaintiff requests a prejudgment writ of attachment and garnishment pursuant to § 76.04 Fla. Stat. (2018) and § 77.031 Fla. Stat. (2018). A prejudgment attachment is available against assets fraudulently transferred from a debtor and held in the name of another. *See Cerna v. Swiss Bank Corp. (Overseas),* 503 So. 2d 1297 (Fla. 3d DCA 1987). In determining whether to issue a prejudgment writ of attachment, courts look to Federal Rule of Civil Procedure 64:

> At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies.

Fed. R. Civ. P. 64(a). Thus, we must examine Florida law to determine whether Plaintiff is entitled to the relief sought.

Chapter 76 of the Florida Statutes governs attachment proceedings and it provides that "[a]ny creditor may have an attachment at law against the goods and chattels, lands, and tenements of his or her debtor under the circumstances and in the manner hereinafter provided." § 76.01 Fla. Stat. (2018). In the pre-judgment context, a creditor is entitled to an attachment

> When the debt is actually due, the motion shall state the amount of the debt that is actually due, and that movant has reason to believe in the existence of one or more of the special grounds in section 76.04, Florida Statutes stating specifically the grounds.

§ 76.09, Fla. Stat. (2018). To obtain a writ of attachment, the person applying for it must post a bond in an amount "at least double the debt demanded." § 76.12, Fla. Stat. (2018). Florida courts have further noted that the term "debt" in the statute refers to a liquidated, rather than unliquidated claim or demand. *Robinson v. Loyola Foundation, Inc.,* 236 So. 2d 154, 157 (Fla. 1st DCA 1970) (citing *Papadakos v. Spooner,* 186 So. 2d 786 (Fla. 3d DCA 1966)). "A claim for debt or damages is held to be liquidated in character if the amount thereof is fixed, has been agreed upon, or is capable of ascertainment by mathematical computation or operation of law." *Robinson,* 236 So. 2d at 157 (citations omitted).

8

Here, Plaintiff alleges an entitlement to $108,000 in money damages as a result of Defendants' breach of contract. Plaintiff's verified motion is well taken, in some respects, because it sets forth the amount of the damages sought. [D.E. 8-2]; *see also* § 76.08 Fla. Stat. (2018) ("Upon motion by plaintiff, a writ of attachment may issue when the grounds relied on for the issuance of the writ clearly appear from specific facts shown by a verified complaint or a separate affidavit of the plaintiff, and all applicable requirements of s. 76.09, s. 76.10, or s. 76.11 are met.").[2] And this amount is, of course, ascertainable via mathematical computation because it represents the 25% deposit that Plaintiff agreed to pay as a down payment for the delivery of alcohol wipes. Thus, Plaintiff has established a liquidated claim against Defendants.

Next, Plaintiff must show it has reason to believe in the existence of one or more of the special grounds set forth in Florida Statutes, § 76.04. Plaintiff suggests that at least four subsections apply in this case:

> The creditor may have an attachment on a debt actually due to the creditor by his or her debtor, when the debtor:
> (1) Will fraudulently part with the property before judgment can be obtained against him or her.
> . . .
> (4) Resides out of the state.[3]
> . . .
> (7) Is absconding.
> . . .

---

[2] A verified motion is sufficient to seek relief under section 76.04. *See Rodriguez v. Banco Indus. de Venezuela, C.A.*, 576 So. 2d 870, 873 (Fla. 3d DCA 1991) ("The verified motion was sufficient under section 76.04, Florida Statutes, and is supported by the record.") (citing cases).

[3] Mr. Grady resides in Portland Maine and Noble's members are Mr. Grady and another individual named Daniel Mickool – neither of which reside in Florida.

9

>   (9) Is secreting the property.
>   (10) Is fraudulently disposing of the property.

Fla. Stat. § 76.04 (2018). While all of these are sufficient for § 76.04 to apply, Plaintiff is most concerned that, before any judgment can be obtained, Defendants will attempt to fraudulently part with or otherwise dispose of all property traceable from the deposit to shield any assets from collection. Plaintiff suspects that, without a prejudgment writ of attachment, it will collect nothing from Defendants after this case is litigated on the merits.

In addition to a prejudgment writ of attachment, Plaintiff also seeks a prejudgment writ of garnishment so that the United States Marshals can take into custody Defendants' assets. To obtain a prejudgment writ of garnishment, Fla. Stat. § 77.031 requires a plaintiff to:

> File in the court where the action is pending a verified motion or affidavit alleging by specific facts the nature of the cause of action; the amount of the debt and that the debt for which the plaintiff sues is just, and unpaid; that the garnishment is not sued out to injure either the defendant or the garnishee; and that the plaintiff believes that the defendant will not have in his or her possession, after execution is issued, tangible or intangible property in this state and in the county in which the action is pending on which a levy can be made sufficient to satisfy the plaintiff's claim.

§ 77.031(2), Fla. Stat. (2009). And like a writ of attachment, this requires a plaintiff to post a bond "in at least double the amount of the debt demanded." *Id.*

Plaintiff claims that he is well aware of the procedural requirements contained in Fla. Stat. §§ 76.12 and 77.031(3) requiring a bond equal to a sum twice the amount sought in the application for attachment and garnishment. Plaintiff also states that he stands ready, willing, and able to post a bond. However, under

Fed. R. Civ. P. 65(c), Plaintiff argues that he should only be required to post a nominal bond because the state law procedural requirements have no applicability to this Court. This argument is unavailing "'[b]ecause of the extraordinary nature of attachment proceedings, the terms of the statute must be narrowly construed.'" *Future Tech Intern., Inc. v. Tae Il Media, Ltd.,* 944 F. Supp. 1538, 1554 (S.D. Fla. 1996) (quoting *Cerna v. Swiss Bank Corp.,* 503 So. 2d 1297 (Fla. 3d DCA 1987)). The Court is therefore constrained by the language of the Florida statutes and cannot permit Plaintiff to post a bond in an amount less than the amount required under Florida law.

Yet, putting that aside, the larger problem with Plaintiff's motion is that – in addition to the statutory requirements set forth above – "the due process clause of the United States Constitution forbids the issuance of a prejudgment writ based on the plaintiff's conclusory allegations that he or she believes one of the statutory grounds exists." *Frasher v. Fox Distrib. of Sw. Fla., Inc.,* 813 So. 2d 1017, 1019–20 (Fla. 2d DCA 2002) (citing *Unique Caterers, Inc. v. Rudy's Farm Co.,* 338 So. 2d 1067, 1071 (Fla. 1976)). That is unfortunately the case here because Plaintiff fails to provide any evidence that Defendants will not have sufficient funds to satisfy a judgment entered against them. Plaintiff spends much time and effort reiterating its allegations, but never directs the Court to any evidence to support these claims. *See, e.g.,* [D.E. 11 at 8 ("[There is presently a real and grave risk that [Defendants'] dishonesty will only continue"); *id.* ("Defendants will attempt to fraudulently part with, abscond with, secrete or otherwise fraudulently dispose of, any and all

11

property traceable from the Deposit to shield those very same assets from collection."). Instead, Plaintiff uses superlatives and adjectives throughout its motion to describe how Defendants will act in the absence of a writ of attachment or garnishment, but Plaintiff then omits any substance in support of these allegations. *Id*. at 5 ("Clearly in this case, a prejudgment writ of attachment is appropriate against Noble and Grady").

Plaintiff's allegations are, in many respects, similar to the inadequate allegations that a district court considered in *Land Title Guarantee Co. v. Downs*, 2012 WL 1326232, at *2 (M.D. Fla. Apr. 17, 2012). There, the plaintiff alleged that it was unaware that the defendants had in their possession enough property within the Court's jurisdiction to satisfy a judgment entered against them. The court found this "evidence" to be insufficient because "[a] lack of knowledge regarding [the defendants'] funds is not sufficient to meet [a plaintiff's] burden of showing that [the defendants] will not have sufficient funds to satisfy a judgment against them." *Id*.

Those allegations are similar to the ones in this case because Plaintiff is merely making inferences without pointing to any real evidence to substantiate its allegations. And even worse, the allegations in Plaintiff's motion are entirely conclusory. Plaintiff appears to hang its hat on the fact that Mr. Grady was indicted on criminal charges in Maine state court, but that says nothing as to the disposal of assets and the evidence required to justify a prejudgment writ of attachment or garnishment. More is needed because Florida courts have found that "an affidavit supporting the issuance of a prejudgment writ of attachment must not

be based on hearsay or the plaintiff's subjective beliefs, but rather must be based on the plaintiff's personal knowledge of the defendant's actions." *Frasher v. Fox Distrib. of S.W. Fla., Inc.*, 813 So. 2d 1017, 1020 (Fla. 2d DCA 2002) (citing *Lawhon v. Mason,* 611 So. 2d 1367, 1368 (Fla. 2d DCA 1993); *Hordis Bros., Inc. v. Sentinel Holdings, Inc.,* 562 So. 2d 715, 717 (Fla. 3d DCA 1990) (holding that Sentinel's affidavit which was composed entirely of hearsay was insufficient to  support the issuance of a prejudgment writ of attachment)).  And, after a thorough review of the motion, there are no allegations based on Plaintiff's personal knowledge.  If anything, Plaintiff is relying on an indictment and then assuming that Defendants are disposing of assets to satisfy a judgment against them.  Because Plaintiff needs more evidence to meet its burden, the motion for a writ of garnishment and attachment should be **DENIED** with leave to renew if Plaintiff can provide additional evidence to substantiate the allegations against these Defendants.

## II.  CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff's motions for a prejudgment writ of attachment and preliminary injunction be **DENIED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.  Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties

from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 5th day of October, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge