**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**Case No. 1:20-cv-23235-RNS**

LEZER CORP.
a Delaware corporation,

    Plaintiff,

v.

NOBLE PARTNERS LLC,
a Maine limited liability company, d/b/a
NOBLE MEDICAL SUPPLY;
SEAN GRADY, an individual,

    Defendants.
_____/

**PLAINTIFF'S NOTICE OF JOINT LIABILITY**

Plaintiff, LEZER CORP., a Delaware corporation ("Plaintiff" or "Lezer"), by and through undersigned counsel, by and through undersigned counsel, pursuant to this Court's *Order on Default Judgment Procedure* [D.E. 20], hereby files its Notice of Joint Liability concerning Defendants, SEAN GRADY ("Grady") and NOBLE PARTNERS LLC d/b/a NOBLE MEDICAL SUPPLY ("Noble") (collectively, "Defendants"), and in support thereof states as follows:

**NATURE OF ALLEGATIONS**

On August 4, 2020, the Plaintiff commenced the instant action against the Defendants [D.E. 1], as amended on August 13, 2020 (the "Amended Complaint") [D.E. 8] for breach of contract, conversion, fraud, unjust enrichment, piercing the corporate veil, civil conspiracy, constructive trust and civil theft for a stolen Deposit.[1]

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning as ascribed to them in the Plaintiff's Amended Complaint [D.E. 8].

In particular, on or about May 11, 2020, in the middle of the COVID-19 pandemic, Lezer wired Noble the total sum of $108,000.00 for an initial deposit ("Deposit") pursuant to an agreement between Lezer and Noble for the supply of 216,000 units of the 70% Isopropyl Pharma-C- Wipes ("Alcohol Wipes") to Lezer by May 18, 2020 ("Agreement"). Despite Noble's obligation to deliver the 216,000 units of Alcohol Wipes by May 18, 2020, Noble only delivered a total of only 14,400 units of Alcohol Wipes, or approximately 5% of what was supposed to be delivered pursuant to the Agreement.  Further, despite due demand, Noble and Grady refused and failed to deliver the balance of the Alcohol Wipes or return the Deposit.  Subsequent to entering to the Agreement, Lezer learned that Grady had been previously indicted in or around June 2019 in Cumberland County Superior Court in Maine on criminal charges of securities fraud, theft by deception, and selling securities without a license.  In its Amended Complaint, Plaintiff alleges that Grady ran Noble as a mere front and alter-ego to advance his criminal fraud enterprise and hide his identity and that Grady committed fraud by failing to disclose his criminal history and making a false statement of material fact when he promised Lezer that Noble would deliver the 216,000 units of Alcohol Wipes pursuant to the Agreement. Grady and Noble unlawfully and knowingly obtained or used (as defined by Fla Stat. § 812.014(1)(a)-(b)) the property of Plaintiff (*e.g.*, the Deposit) with the intent to permanently or temporarily deprive the Plaintiff of such money and for Defendants' own personal use, in violation of Fla. Stat. § 812.014(1)(a)-(b). Further, Noble and Grady asserted unlawful control and dominion over the Deposit and their collective unlawful and unauthorized acts have permanently deprived Lezer of the Deposit, and therefore have caused Lezer to suffer damages.

**DEFENDANTS' LIABILITY**

Both Defendants have been defaulted [D.E. 19]. The Court's entry of default against the defaulting Defendants concedes the truth of the allegations of the Complaint as to its liability. *See*

*Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . ."). When the court determines that a defendant is in default, the factual allegations of the complaint are taken as true and this rule applies whether the complaint seeks legal or equitable relief. *Fed. Trade Comm'n v. Kitco of Nevada, Inc*., 612 F.Supp. 1282 (D.C.Minn.1985). Here, Plaintiff's well-plead Amended Complaint adequately states a claim for which relief may be granted. *Houston Nat'l Bank*, 515 F.2d at 1206.

Plaintiff's Amended Complaint adequately alleges a claim for conversion, fraud, unjust enrichment, and civil conspiracy against both Defendants concerning the Deposit and sets forth the damages owed by the Defendants to the Plaintiff. As a result of their default, Defendants concede that they intentionally converted Plaintiff's ownership of the Deposit, which wrongfully deprived Plaintiff of its ownership, causing a direct and proximate loss of property and money. Accordingly, Plaintiff is entitled to a default judgment against Defendants for conversion. Further, Plaintiff provided a benefit to Defendants, *i.e.* the Deposit, which was voluntarily accepted by Defendants. Defendants retained the Deposit but failed to tender the balance of the Alcohol Wipes. Accordingly, Plaintiff is also entitled to a default judgment against Defendants for unjust enrichment.

The actual damages suffered by Plaintiff by virtue of the conversion of the Deposit is $108,000. Plaintiff alleges that Grady ran Noble as a mere front, instrumentality, and alter-ego to advance his criminal fraud enterprise and hide his identity. Further, Plaintiff alleges that Defendants conspired to intentionally deprive Plaintiff of the Deposit, as required to assert a claim of civil theft in violation of Florida Statute § 812.04. Pursuant to Florida Statute § 772.11, Plaintiff is entitled to $324,000.00 calculated as trebled actual damages, along with its attorneys' fees. Defendants' intentional deprivation of Plaintiff's property justifies an award of trebled damages.

A plaintiff which is successful in a civil theft action is entitled to an award of attorney's fees and costs are provided under Fla. Stat. § 772.11. *See Wakefield v. Cordis Corp*., 304 Fed.Appx. 804, 807 (11th Cir. 2008); *Allstate Ins. Co. v. Palterovich*, 653 F.Supp. 2d 1306, 1335 (S.D.Fla.2009). Here, the Clerk's Default entered against both Defendants renders the allegations admitted and Plaintiff successful in this action. Accordingly, Plaintiff is entitled to an award of fees and costs under § 772.11.

Having not appeared, Defendants are deemed to have admitted the well-pleads facts set forth in the Amended Complaint. As set forth in the Amended Complaint, the Defendants are jointly and severally liable for the damages suffered by Plaintiff. *See* Fla. Stat. § 768.81(3). Plaintiff states that there is no possibility of inconsistent liability between the Defendants as the claims are asserted equally against both Defendants and both have been defaulted. Thus, there is no risk of entering a judgment against both Defendants as neither will prevail on the merits. *See Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

Dated: October 25, 2020,    Respectfully submitted,

**READ LAW PLLC**
*Co-Counsel to Plaintiff*
25 SE 2nd Avenue, Eighth Floor
Miami, Florida 33131
Phone: (305) 209-2131
asr@alexisreadlaw.com

By: */s/ Alexis S. Read*
Alexis S. Read, Esq.
Fla. Bar No. 98084

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 25, 2020, a true and correct copy of the foregoing was served via e-mail to those parties required to receive e-mail service pursuant to Fla. R. Jud. Admin. 2.516, and/or by U.S. Mail to all parties on the CM/ECF Service List:

| | |
|---|---|
| Sean Grady | Noble Partners LLC |
| 12 Wellstone Drive | d/b/a Noble Medical Supply |
| Portland, ME 04013 | Attn: Sean Grady, President |
| | 12 Wellstone Drive |
| | Portland, ME 04013 |

By: /s/ *Alexis S. Read*
Alexis S. Read, Esq.
Fla. Bar No. 98084