**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**Case No. 1:20-cv-23235-RNS**

LEZER CORP.
a Delaware corporation,

    Plaintiff,

v.

NOBLE PARTNERS LLC,
a Maine limited liability company, d/b/a
NOBLE MEDICAL SUPPLY;
SEAN GRADY, an individual,

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT
FINAL JUDGMENT AGAINST DEFENDANTS,
SEAN GRADY AND NOBLE PARTNERS LLC D/B/A NOBLE MEDICAL SUPPLY**

Plaintiff, LEZER CORP., a Delaware corporation ("Plaintiff" or "Lezer"), by and through undersigned counsel, by and through undersigned counsel, pursuant to Fed.R.Civ.P. 55(b)(2), hereby files its *Motion for Entry of Default Final Judgment* (the "Motion for Default Final Judgment") against Defendants, SEAN GRADY ("Grady") and NOBLE PARTNERS LLC d/b/a NOBLE MEDICAL SUPPLY ("Noble") (collectively, "Defendants"), and in support thereof states as follows:

**BACKGROUND**

1. On August 4, 2020, the Plaintiff commenced the instant action against the Defendants [D.E. 1], as amended on August 13, 2020 (the "Amended Complaint") [D.E. 8] for breach of contract, conversion, fraud, unjust enrichment, piercing the corporate veil, civil conspiracy, constructive trust and civil theft.

2. In the interest of brevity, the Plaintiff incorporates by reference and respectfully refers the Court and interested parties to the complete background and allegations set forth in the Amended Complaint.

3. On September 19, 2020, the Defendants were duly served with the Summons and Amended Complaint [D.E. 14 and 15]. Pursuant to Fed.R.Civ.P. 12, Defendants had twenty-one (21) days from the date of service to file a responsive pleading to the Amended Complaint.

4. On October 14, 2020, as a result of Defendants' failure to file a responsive pleading or otherwise defend this matter on or before October 13, 2020 as required by Rule 13, Plaintiff filed and served Motions for Clerk's Default Entry against both Defendants [D.E. 17 and 18].

5. On October 15, 2020, the Clerk entered a Default against both Defendants [D.E. 19].

6. On October 25, 2020, in compliance with this Court's *Order on Default Judgment Procedure* [D.E. 20], Plaintiff filed and served its Notice of Joint Liability [D.E. 21], which Plaintiff incorporates by reference herein.

7. The Defendants have not entered an appearance in this case or otherwise filed a motion to vacate the Clerk's Default, and thus Defendants remain in default.

8. Accordingly, the allegations of the Complaint are now deemed admitted by Defendants and Plaintiff is entitled to Default Final Judgment against Defendants.

**MEMORANDUM OF LAW**

9. Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure provides that a defendant shall serve its answer to a complaint within twenty-one days of service of the latter. As set forth above, the Amended Complaint was filed on August 13, 2020 and the Summons was served on September 19, 2020, which notified the Defendants' of their obligation to file an answer to the Amended Complaint with the Clerk of Court and serve a copy of same upon Plaintiff's counsel

within 21-days from the date of service—on or before October 13, 2020. To date, nothing has been filed on behalf of the Defendants.

10. Plaintiff recognizes that entry of a default judgment against a defendant is a severe remedy. *See, e.g., E.F. Hutton & Co., Inc. v. Moffatt*, 460 F.2d 284, 285 (5th Cir. 1972). However, when a party does not respond to a properly served complaint and ignores a duly issued and properly served summons of a court, a default judgment, though drastic, is the appropriate and, indeed, the only recourse. *See In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987) (where party offers no good reason for late filing of answer, entry of default judgment appropriate); *Nat'l Bank of Fort Worth v. Cook*, 117 F.R.D. 390 (N.D.Tex.1987) (default judgment appropriate where party served has failed to answer).

11. When the court determines that a defendant is in default, the factual allegations of the complaint are taken as true and this rule applies whether the complaint seeks legal or equitable relief. *Fed. Trade Comm'n v. Kitco of Nevada, Inc.*, 612 F.Supp. 1282 (D.C.Minn.1985). Here, Plaintiff's well-plead Amended Complaint adequately states a claim for which relief may be granted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975). Plaintiff's Amended Complaint adequately alleges a claim for conversion, fraud, and unjust enrichment concerning the Deposit and sets forth the damages owed to the Plaintiff. Further, Plaintiff alleges that Noble is a mere alter ego of Grady and that the Defendants conspired and intentionally acted to deprive Plaintiff of the Deposit, as required to assert a claim of civil theft in violation of Fla. Stat. § 812.04. Having not appeared, Defendants are deemed to have admitted the well-pleads facts set forth in the Amended Complaint.

12. Contemporaneously with this Motion for Default Final Judgment, Plaintiff is submitting to the Court a proposed Order of Default Final Judgment, Default Final Judgment, Affidavit of Proof in support of this Motion, and Affidavits of Costs and Attorney's Fees, which

demonstrates to the Court the just and reasonable amount of damages, including attorneys' fees and costs, suffered by Plaintiff as a result of Defendants' conduct.

13. As set forth in the Amended Complaint, the Defendants are jointly and severally liable for the damages suffered by Plaintiff. *See* Fla. Stat. § 768.81(3).

**WHEREFORE,** for the forgoing reasons, Plaintiff, LEZER CORP., respectfully requests this Court enter: (i) an Order Granting this Motion in the proposed form attached as **Exhibit "A"**; (ii) a Default Final Judgment in the proposed form attached as **Exhibit "B",** against SEAN GRADY and NOBLE PARTNERS LLC d/b/a NOBLE MEDICAL SUPPLY, jointly and severally, and (iii) grant such other and further relief as the Court deems just and proper.

Dated: November 10, 2020,   Respectfully submitted,

**READ LAW PLLC**
25 SE 2nd Avenue, Eighth Floor
Miami, Florida 33131
Phone: (305) 209-2131
asr@alexisreadlaw.com

By: */s/ Alexis S. Read*
Alexis S. Read, Esq.
Fla. Bar No. 98084

/s/ Noah Siegel
Noah Siegel
Il. Bar No. 6327603
**GUTNICKI LLP**
*Admitted Pro Hac Vice*
4711 Golf Road, Suite 200
Skokie, Illinois 60076
Telephone: (847) 745-6594
akaye@gutnicki.com
nsiegel@gutnicki.com

*Attorneys for Lezer Corp.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 10, 2020, a true and correct copy of the foregoing was served via e-mail to those parties required to receive e-mail service pursuant to Fla. R. Jud. Admin. 2.516, and/or by U.S. Mail to all parties on the CM/ECF Service List:

| | |
|---|---|
| Sean Grady | Noble Partners LLC |
| 12 Wellstone Drive | d/b/a Noble Medical Supply |
| Portland, ME 04013 | Attn: Sean Grady, President |
| | 12 Wellstone Drive |
| | Portland, ME 04013 |

By: ___/s/ *Alexis S. Read*___
Alexis S. Read, Esq.
Fla. Bar No. 98084