UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23235-Civ-SCOLA/TORRES

LEZER CORP.,
a Delaware corporation,

       Plaintiff,

v.

NOBLE PARTNERS, LLC,
a Maine limited liability company, d/b/a
NOBLE MEDICAL SUPPLY, and
SEAN GRADY, an individual,

       Defendants.
_____/

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

This matter is before the Court on Lezer Corp.'s ("Plaintiff") motion for final default judgment against Noble Partners, LLC ("Noble") and Sean Grady ("Mr. Grady") (collectively, "Defendants"). [D.E. 25]. No response was filed in opposition and the time to do so has passed. Therefore, Plaintiff's motion is now ripe for disposition. After careful review of the motion, relevant authorities, and for the reasons discussed below, Plaintiff's motion should be **GRANTED in part and DENIED in part**.[1]

---

[1] On November 19, 2020, the Honorable Robert N. Scola referred Plaintiff's motion to the undersigned Magistrate Judge for disposition. [D.E. 27].

## I. BACKGROUND

Plaintiff filed an eight-count complaint on August 4, 2020 [D.E. 1], alleging breach of contract, conversion, fraud, unjust enrichment, piercing the corporate veil, civil conspiracy, constructive trust, and civil theft. Plaintiff claims that the facts of this case stem from the unlawful actions that Defendants took in response to the COVID-19 pandemic. In May 2020, the parties began negotiations so that Defendants could supply Plaintiff with the delivery of alcohol wipes. The parties formally entered into an agreement on May 8, 2020, when Noble agreed to supply Plaintiff with 216,000 units of wipes by May 18, 2020. In exchange, Plaintiff agreed to pay Noble $432,000 with 25% ($108,000) due as a deposit and the remaining balance due upon delivery of all the wipes (216,000 units). If Noble failed to materially complete the order, the parties agreed that Plaintiff's deposit would be returned.

On May 11, 2020, Plaintiff wired the deposit funds to Noble. Noble then delivered a total of 14,400 units of wipes or five percent of the amount that Noble had promised. When Plaintiff questioned Defendants on the status of the remaining wipes, Mr. Grady had no answer. Another two weeks passed and no other delivery was made. Plaintiff claims, at that point, it understood that Defendants had no intention of ever delivering the remaining wipes and demanded the return of its deposit. However, Defendants refused. Plaintiff subsequently learned that, approximately one year earlier on June 6, 2019, law enforcement

indicted Mr. Grady in Maine state court on criminal charges of securities fraud, theft by deception, and selling securities without a license.

Plaintiff then discovered that Mr. Grady was operating Noble and other affiliated business entities as alter egos to extend his criminal fraud enterprise and to conceal his identity. And based on media reports, Plaintiff also determined that Mr. Grady sought to defraud other supply-strapped healthcare companies out of millions of dollars with promises of significant quantities of medical supplies and no intention of completing any delivery. Plaintiff therefore filed this action to recover damages, prejudgment interest, fees, and costs.

## II.  APPLICABLE PRINCIPLES AND LAW

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default. *See* Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent person. Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment pursuant to Rule 55(b). *See*

3

*United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206) (5th Cir. 1975)). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If the admitted facts are sufficient to establish liability, the Court must then ascertain the appropriate amount of damages and enter final judgment in that amount. *See Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

Damages may be awarded only if the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing the facts necessary to support entitlement to the damages requested. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). Rule 55 does not require an evidentiary hearing on the appropriate amount of damages, and it is within the Court's discretion to choose whether such a hearing should takes place. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011).

### III.  ANALYSIS

Plaintiff seeks final default judgment because, after having served Defendants with a summons and a complaint on September 19, 2020 [D.E. 14-15], Defendants failed to file a response or otherwise defend this action.  On October 14, 2020, Plaintiff filed two motions for entry of default against each defendant [D.E. 17-18] and the Clerk of Court granted those motions the next day.  [D.E. 19].  Plaintiff then filed a motion for final default judgment, seeking $324,000 in damages, $877.30 in costs, and $13,654.61 in fees for a total sum of $338,531.91.  [D.E. 25].

Plaintiff's motion should be denied in part because it failed to comply with the requirements under Rule 55.  Plaintiff failed to include, for example, any specific legal authority that establishes its entitlement to the relief sought.  Plaintiff instead filed a three and a half page motion, reciting the facts of this case, the procedural posture, and the standard legal principles that apply when a party moves for final default judgment.  But, this is unhelpful because there is no explanation as to how Plaintiff should be entitled to all of the relief that it seeks.  Indeed, after reading the motion several times, there is only a *single* sentence that discusses why the motion should be granted and that sentence is far too conclusory to be worthy of any consideration.  [D.E. 25 at 3 ("Plaintiff's well-plead Amended Complaint adequately states a claim for which relief may be granted.")].

This is a sufficient reason to deny Plaintiff's motion because a party is not entitled to final default judgment without a sufficient legal basis.  *See, e.g.*, *United*

*States v. $137,700.00 in U.S. Currency*, 2018 WL 3758311, at *1 (M.D. Fla. Apr. 4, 2018) ("The United States' motion for default judgment is due to be denied because it does not establish, with citations to legal authority, that the complaint provides a sufficient legal basis for the entry of a default judgment."). A court also has no independent obligation to do the legal research that a movant should have been performed in the first place. And without any facts or legal authority as to how any of Plaintiff's claims arise to the level of damages that Plaintiff seeks, "the Court is ill-equipped to determine whether Plaintiff is entitled to default judgment." *Secretary of Labor, United States Dep't of Labor v. Gen. Projection Sys., Inc.*, 2018 WL 8129782, at *1 (M.D. Fla. Aug. 28, 2018) (citing *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988)).[2]

With that being said, Plaintiff is entitled to final default judgment on its breach of contract claim for $108,000 because – even though Plaintiff filed a deficient motion – the amended complaint meets all the required elements for this claim to be granted. A breach of contract claim, under Florida law, has four elements: (1) a valid contract, (2) a material breach, (3) causation, and (4) damages. *See Handi–Van, Inc. v. Broward Cty.*, 116 So. 3d 530, 541 (Fla. 4th DCA 2013). "A 'material breach' of a contract is a failure, without legal excuse, to perform any promise or obligation or that goes 'to the essence of the contract.'" *Oriole Gardens Condos., III v. Indep. Cas. & Sur. Co.*, 2012 WL 718803, at *11 (S.D. Fla. Mar. 6, 2012) (quoting *Covelli Family, LP v. ABG5, LLC*, 977 So.

---

[2] Although Plaintiff's motion should be denied in part for the reasons provided, Plaintiff should ensure that any amended motion, if filed, complies with every other requirement under Rule 55 in seeking final default judgment.

6

2d 749, 752 (Fla. 4th DCA 2008); *Beefy Trail, Inc. v. Beefy King Int'l, Inc.*, 267 So. 2d 853, 857 (Fla. 4th DCA 1972)). An injured party in a breach of contract is entitled to recover damages that "naturally flow from the breach and can reasonably be said to have been contemplated by the parties at the time the contract was entered." *Mnemonics, Inc. v. Max Davis Assocs., Inc.*, 808 So. 2d 1278, 1280 (Fla. 5th DCA 2002).

Plaintiff meets the all the elements of a breach of contract claim because there are well-plead allegations in the amended complaint that the parties entered into an agreement when Noble promised to supply Plaintiff with 216,000 units of wipes and, in return, Plaintiff agreed to make a deposit of $108,000.[3] The agreement also states that, if Noble failed to deliver 216,000 wipes, the deposit would be returned. Plaintiff seeks $108,000 in damages because Noble failed to return the deposit as required under the contract. This meets all the elements for a breach of contract claim because there was (1) an agreement between the parties, (2) a material breach when Noble failed to perform, (3) causation when Noble withheld Plaintiff's deposit, and (4) damages for the failure to return $108,000. Therefore, even though Plaintiff's motion is deficient in some respects, the breach of contract claim should be **GRANTED** given that the allegations, when accepted as

---

[3] The original agreement was for Plaintiff to pay Noble $432,000 but that never came to pass because Noble failed to deliver all the alcohol wipes as it promised to do so. Thus, Plaintiff does not seek the full contract price because the injury it suffered is limited to the deposit that Noble failed to return.

true, meet all the required elements under Florida law. However, as for the rest of Plaintiff's motion, that should be **DENIED** for the reasons explained above.[4]

Because Plaintiff must do more to secure the other remedies that it seeks, the motion for final default judgment should be **GRANTED in part** and **DENIED in part** with leave, if necessary, for Plaintiff to file a revised motion that fully complies with Rule 55. That motion should include specific legal authorities, explanations with respect to entitlement and reasonableness, and affidavits with other documentary evidence to support the remaining relief requested.

## IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff's motion for final default judgment be **GRANTED in part** and **DENIED in part**:

A. Plaintiff's motion with respect to its breach of contract claim for $108,000 in damages should be **GRANTED**.

B. Any other relief should be **DENIED** with leave to file a renewed motion within fourteen (14) days after the District Judge adopts this Report and Recommendation.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely

---

[4] The same inadequacies apply to Plaintiff's request for more than $14,000 in fees and costs because there is no explanation with respect to reasonableness or Plaintiff's entitlement to these amounts. Plaintiff also made an additional error when it attached the relevant billing records and left it to the Court to piece together the hours and rates for each timekeeper. We further note that the billing chart that Plaintiff attached is difficult to read given the small font size attached to the motion. [D.E. 25-5].

file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.  28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

   **DONE AND SUBMITTED** in Chambers at Miami, Florida, this 4th day of December, 2020.

                /s/ *Edwin G. Torres*
                EDWIN G. TORRES
                United States Magistrate Judge