United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Lezer Corp., Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-23235-Civ-Scola |
| Noble Partners LLC, dba Noble | ) |
| Medical Supply and Sean Grady, | ) |
| Defendants. | ) |

**Order Regarding Report and Recommendations on**
**Motion for Default Judgment**

The Court referred Plaintiff Lezer Corp.'s motion for default judgment (ECF No. 25) to United States Magistrate Judge Edwin G. Torres for a report and recommendation. Defendants Noble Partners LLC, doing business as Noble Medical Supply, and Sean Grady never responded to the motion and Judge Torres issued a report and recommendation, recommending that the Court grant the motion in part and deny it part. (Rep. & Rec., ECF No. 28.) Lezer thereafter objected to Judge Torres's report, in part. (Pl.'s Objs., ECF No. 29.) After careful review, the Court **overrules** Lezer's objections (**ECF No. 29**) and largely **adopts** Judge Torres's report and recommendation (**ECF No. 28**), thus **granting** Lezer's motion **in part and denying it in part** (**ECF No. 25**).

In its amended complaint, Lezer sets forth eight claims against the Defendants: breach of contract, conversion, fraud, unjust enrichment, piercing the corporate veil, civil conspiracy, constructive trust, and civil theft. (Am. Compl., ECF No. 8.) The basis for Lezer's claims stems from the Defendants' declining to return Lezer's deposit of $108,000 after the Defendants failed to deliver 216,000 units of alcohol wipes that they had promised to supply. In its motion for default judgment, Lezer seeks $324,000 in damages, $877.30 in costs, and $13,654.61 in fees.

In his report, Judge Torres found Lezer's motion for default judgment deficient in multiple ways. Importantly, Judge Torres noted Lezer failed to provide "any facts or legal authority" as to how any of its claims rise to the level of the damages sought. Despite these shortcomings, Judge Torres nonetheless reviewed Lezer's amended complaint, and concluded that Lezer had sufficiently pleaded its breach-of-contract claim, therefore entitling it to its deposit of $108,000.

Objecting to Judge Torres's conclusion that its motion failed to support an entitlement to relief beyond the $108,000, Lezer points to its earlier filed notice

of joint liability (Pl.'s Not. of Jt. Liability, ECF No. 23), which it "incorporated by reference" in its motion for default judgment. According to Lezer, Judge Torres erred by not taking into account the arguments Lezer presented in that notice when he evaluated Lezer's motion for default judgment. The Court disagrees.

To begin with, Lezer provides no support for the proposition that a Court must sort through a tangentially related filing that a party simply identifies, without elaboration, as "incorporated by reference." Indeed, such an arrangement would allow parties to simply "incorporate by reference" voluminous records, leaving it to a court to sift through and guess which arguments or facts presented earlier apply to the matter under review. Although the incorporated filing in this case is only five-pages long, the Court does not find Judge Torres was obligated to go searching through that document to see if anything in it might happen to salvage Lezer's motion. To expect as much would impermissibly shift the burden of a party's litigation to the court. Further, arguments presented in a notice of joint liability would not ordinarily be expected to support a motion for default judgment.

Regardless, the Court has nonetheless reviewed those portions of Lezer's notice of joint liability that it reproduced in its objections. Contrary to Lezer's contention, though, that presentation does not, in any event, convince the Court that Lezer's amended complaint provides a sufficient legal basis for the entry of default judgment on anything other than Lezer's breach-of-contract claim. Instead, the Court finds Lezer's arguments as to its conversion, fraud, conspiracy, and civil theft claims conclusory and speculative.

As to Lezer's conversion and civil theft claims, Lezer has not alleged, as it must, *facts* establishing that its civil theft or conversion claims "go beyond" or are "independent from" its breach-of-contract claims. *See MTACC LTD. v. CHF Corp.*, 20-22383-CIV, 2020 WL 5578829, at *3 (S.D. Fla. Aug. 31, 2020) (Torres, J.), *report and recommendation adopted,* 20-22383-CIV, 2020 WL 5548358 (S.D. Fla. Sept. 16, 2020) (Williams, J.). While Lezer recites the elements of civil theft and conversion, it fails to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Simply put, without more, "a plaintiff may not circumvent the contractual relationship by bringing an action in tort." *Ginsberg v. Lennar Fla. Holdings, Inc.*, 645 So. 2d 490, 495 (Fla. 3d DCA 1994).[1]

Similarly, Lezer has not carried its burden of convincing the Court it has pleaded the elements of fraud with the particularity required by Federal Rule of Civil Procedure 9(b). Under Rule 9(b), a fraud plaintiff must allege (a) the precise

---

[1] Without a viable underlying claim for theft or conversion, Lezer's civil-conspiracy claim fails as well.

statements, documents, or misrepresentations made; (b) the time, place, and person responsible for the statement; (c) the content and manner in which these statements misled the plaintiffs; and (d) what the defendants gained by the alleged fraud. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380–81 (11th Cir. 1997). Again, Lezer's complaint presents allegations that are short on actual facts. For example, Lezer contends "Grady made a false statement of material fact when he promised Lezer that Noble would deliver the 216,000 units of Alcohol Wipes pursuant to the Agreement." (Am. Compl. ¶ 44.) Lezer then further submits "Grady knew that this statement was untrue at the time he said it, as he was advancing a criminal enterprise . . . and had no intention of delivering the 216,000 Alcohol Wipes." (*Id.* ¶ 45.) But these assertions amount to mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" and simply do not amount to *facts* supporting a claim to relief that is "plausible on its face." *See Twombly*, 550 U.S. at 544, 555.

      Because of these shortcomings, the Court overrules Lezer's objections and finds Lezer has not carried its burden of establishing its entitlement to judgment on its conversion, fraud, civil-conspiracy, and civil-theft claims. And because Lezer's claim for attorney's fees and costs are based on its civil-theft claim, judgment on those claims is denied as well.[2]

      In sum, the Court agrees with Judge Torres that Lezer is entitled to final default judgment on its breach-of-contract claim for $108,000 against Grady and Noble—indeed, Lezer "takes no issue with the Magistrate Judge's recommendation" in that regard. (Pl.'s Objs. at 2.) Based on the allegations in the complaint and Lezer's notice of joint liability, the Court also finds the Defendants jointly and severally liable for the judgment amount.[3] But, because the Court has evaluated all of the claims in Lezer's amended complaint, the Court declines to adopt Judge Torres's recommendation that Lezer be afforded leave to file a renewed motion for default judgment. Accordingly, consistent with the above, the Court **adopts** Judge Torres's report and recommendation in large part (**ECF No. 28**), **overrules** Lezer's objections (**ECF No. 29**) and **grants in part and denies in part** Lezer's motion for default judgment (**ECF No. 25**).

---

[2] Lezer's claims for unjust enrichment and constructive trust are pleaded in the alternative, only in the event the Court were to determine that the contract at issue is unenforceable. Therefore, because Lezer is being awarded contract damages, judgment on those claims is denied as well.

[3] Lezer also pleaded a standalone claim for piercing the corporate veil. Although the Court finds Lezer has adequately alleged a basis to indeed pierce the corporate veil in this case—thus resulting in joint and several liability—the Court finds no reason to depart from the general rule that "piercing the corporate veil is not an independent cause of action under Florida law." *Gumbel v. Scott*, 09-60480-CIV, 2010 WL 11505125, at *2 (S.D. Fla. Jan. 6, 2010) (Jordan, J.).

The Court will enter a separate judgment, under Rule 58, following this order. The Clerk is directed to **close** this case. Any other pending motions are **denied as moot**.

**Done and ordered** at Miami, Florida, on December 23, 2020.

_____
Robert N. Scola, Jr.
United States District Judge