UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23235-Civ-SCOLA/TORRES

LEZER CORP.,
a Delaware corporation,

       Plaintiff,

v.

NOBLE PARTNERS, LLC,
a Maine limited liability company, d/b/a
NOBLE MEDICAL SUPPLY, and
SEAN GRADY, an individual,

       Defendants.
_____/

**REPORT AND RECOMMENDATION
ON LEZER'S MOTION FOR COSTS**

This matter is before the Court on Lezer Corp.'s ("Lezer") motion for costs against Noble Partners LLC d/b/a Noble Medical Supply ("Noble") and Sean Grady ("Mr. Grady") (collectively, "Defendants"). [D.E. 34]. No response was filed in opposition and the time to do so has passed. Therefore, Lezer's motion is now ripe for disposition. After careful consideration of the motion, relevant authorities, and for the reasons discussed below, Lezer's motion for costs should be **GRANTED in part** and **DENIED in part**.[1]

---

[1] On January 21, 2021, the Honorable Robert N. Scola referred Lezer's motion for costs to the undersigned Magistrate Judge for disposition. [D.E. 37].

## I.     BACKGROUND

Lezer filed an eight-count complaint on August 4, 2020 [D.E. 1], alleging breach of contract, conversion, fraud, unjust enrichment, piercing the corporate veil, civil conspiracy, constructive trust, and civil theft. Lezer claimed that the facts of this case originated from the unlawful actions that Defendants took in response to the COVID-19 pandemic. In May 2020, the parties began negotiations so that Defendants could supply Lezer with the delivery of alcohol wipes. The parties formally entered into an agreement on May 8, 2020, when Noble agreed to supply Lezer with 216,000 units of wipes by May 18, 2020. In exchange, Lezer agreed to pay Noble $432,000 with 25% ($108,000) due as a deposit and the remaining balance due upon delivery of all the wipes (216,000 units). If Noble failed to materially complete the order, the parties agreed that Lezer's deposit would be returned.

On May 11, 2020, Lezer wired the deposit funds to Noble. Noble then delivered a total of 14,400 units of wipes or five percent of the amount that Noble had promised. When Lezer questioned Defendants on the status of the remaining wipes, Mr. Grady had no answer. Another two weeks passed and no other delivery was made. Lezer claimed, at that point, it understood that Defendants had no intention of ever delivering the remaining wipes and demanded the return of its deposit. However, Defendants refused. Lezer subsequently learned that, approximately one year earlier on June 6, 2019, law enforcement indicted Mr.

Grady in Maine state court on criminal charges of securities fraud, theft by deception, and selling securities without a license.

Lezer then discovered that Mr. Grady operated Noble and other affiliated business entities as alter egos to extend his criminal fraud enterprise and to conceal his identity. Lezer also determined, based on media reports, that Mr. Grady tried to defraud other supply-strapped healthcare companies out of millions of dollars with promises of significant quantities of medical supplies and no intention of completing any delivery. Lezer filed this action to recover damages, prejudgment interest, fees, and costs.

On December 28, 2020, the Court granted in part Lezer's motion for final default judgment as to its breach of contract claim [D.E. 30] and entered judgment in the amount of $108,000. [D.E. 31]. Lezer filed a motion for costs on January 21, 2021 and now, as the prevailing party, seeks $877.30 under 28 U.S.C. § 1920.

## II.  ANALYSIS

Under Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. A strong presumption exists in favor of awarding costs. *Id.* A court may tax as costs those expenses enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920). "To

defeat the presumption and deny full costs, a district court must have a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).[2]

The court should not take into consideration the relative wealth of the parties, as it would undermine the presumption that Rule 54(d)(1) creates in favor of the prevailing parties. *See id.* Upon the filing of a timely motion for costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the requested costs fall outside the scope of this statute or are otherwise unreasonable. *See, e.g., Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, at *14 (S.D. Fla. Apr. 14, 2009) (finding that the burden lies with the challenging party to show that depositions were not related to an issue in the case at the time they were taken, and thereby show they were not wholly or partially necessarily obtained for use in the case).

Lezer requests $877.30 in costs, including $400 in filing fees, $16.80 for postage, $260.50 for the service of subpoenas/summons, and $200 in *pro hac vice*

---

[2] Pursuant to Section 1920, a court may award the following costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

4

costs. Although Defendants failed to file an objection to any particular cost, not all of the costs requested are recoverable under § 1920. We consider each cost request in turn.

### A. *Filing Costs*

Lezer's first request is for $400 in filing costs. This request is well taken because clerk fees are specifically taxable under 28 U.S.C. § 1920(1). *See Goodman v. Sperduti Enter., Inc.*, 2009 WL 3200681, at *3 (S.D. Fla. Oct. 6, 2009) ("There is no question that Plaintiff is entitled to the cost of the filing fee because it falls into one of the categories of reimbursable costs under 28 U.S.C. § 1920[.]"). Lezer's motion to recover $400 in filing costs should therefore be **GRANTED**.

### B. *Service of Summons and Subpoena*

Lezer's second request is to recover $260.50 in costs for the service of a summons and a subpoena on both Noble and Mr. Grady. "Pursuant to [Section] 1920(1), fees of the clerk and marshal may be taxed as costs. This includes service of process costs." *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 649 (S.D. Fla. 2007) (alteration and internal quotations marks omitted) (citing *EEOC v. W & O Inc.*, 213 F.3d 600, 623 (11th Cir. 2000)). "The Eleventh Circuit has held that private process server fees may be taxed under [S]ections 1920(1) and 1921, so long as the taxable costs of the private process server are limited to the statutory fees authorized by [S]ection 1921." *Flagstar Bank, FSB v. Hochstadt*, 2010 WL 1226112, at *9 (S.D. Fla. 2010) (footnote omitted) (citing *W & O Inc.*, 213 F.3d at

624). "This is currently $65 per person per hour for each item served, plus travel costs and any other out-of-pocket expenses." *Cont'l 332 Fund, LLC v. Hilz*, 2020 WL 6595061, at *3 (M.D. Fla. 2020) (citing 28 C.F.R. § 0.114(a)(3)). "[I]nvoices submitted to substantiate these expenses must 'provide sufficient or intelligible details as to what exactly was paid for.'" *Mid-Continent Cas. Co. v. JWN Constr., Inc.*, 2019 WL 8402872, at *3 (S.D. Fla. 2019) (alteration omitted) (quoting *Cortez v. Tom Thumb Food Stores, Inc.*, 2013 WL 12383258, at *4 (S.D. Fla. 2013)).

The problem with Lezer's request is that the invoices provide no explanation as to why any costs above the $65 threshold should be awarded. Lezer should therefore be limited to $65 for the service of a subpoena/summons on Noble and Mr. Grady. *See Cont'l 332 Fund, LLC*, 2020 WL 6595061, at *3 (denying the movants' request for service fees because they did not provide information to justify why and how the costs were necessarily incurred); *Regions Bank v. Roth*, 2018 WL 3213331, at *4 (M.D. Fla. 2018) ("Because [the movant's] submission does not indicate the hourly rate of the private process server, I find that [the movant] should be awarded $65.00 for costs associated with service of the Summons and Complaint."); *Mid-Continent Cas. Co.*, 2019 WL 8402872, at *4 ("Because [the movant] has not provided sufficient evidence justifying the need for multiple service attempts, the undersigned recommends awarding the actual cost of one completed service."); *Wiand v. Wells Fargo Bank, N.A.*, 2015 WL 12839237, at *8 (M.D. Fla. 2015) ("[A]ny service of process without supporting documentation of time spent and

6

additional costs . . . is limited to recovery of $65.00."); *Primerica Life Ins. Co. v. Guerra*, 2017 WL 5713927, at *4 (S.D. Fla. 2017) ("As for the $1,030.00 fee for foreign process server fees, I recommend an award of $65.00 . . . because [the movant] failed to provide the Court with sufficient information to determine her entitlement to recover a greater amount."). Thus, Lezer's motion to recover costs for the service of a summons and a subpoena should be **GRANTED in part** and **DENIED in part** with a total recovery, in this category, of $130.

### C. *Pro Hac Vice Costs*

The third request is for $200 in *pro hac vice* costs. "Neither Rule 54 nor § 1920(1) specifically authorize *pro hac vice* costs to be taxed, and, consequently, many courts have found that such fees are not recoverable under § 1920." *HTC Leleu Family Tr. v. Piper Aircraft, Inc.*, 2013 WL 12092076, at *1 (S.D. Fla. Nov. 27, 2013) (citing cases); *see also McCray v. Dietsch & Wright, P.A.*, 2020 WL 6565078, at *5 (M.D. Fla. Nov. 9, 2020) ("Pro hac vice admission fees ($150) are not allowed.") (citing *Ferrara Candy Co. v. Exhale Vapor LLC*, 2019 WL 317646, at *4 (M.D. Fla. Jan. 7, 2019)). Indeed, district courts in the Eleventh Circuit have repeatedly rejected this cost and, in the absence of any appellate authority showing otherwise, Lezer's request should suffer the same fate. *See Daniel-Rivera v. Everglades College*, 2017 WL 5197509, at * 6 (S.D. Fla. June 16, 2017) (finding persuasive cases from trial courts in the Eleventh Circuit holding that fees associated with *pro hac vice* motions are not recoverable under § 1920), *Report and*

7

*Recommendation adopted*, 2017 WL 5197949 (June 30, 2017). As a result, Lezer's motion for $200 in *pro hac vice* costs should be **DENIED**.

### D. *Postage Costs*

Lezer's final request is for $16.80 in postage costs. Courts in the Eleventh Circuit have found that "mailing costs are not recoverable under 28 U.S.C. § 1920." *Matiano v. 5th Avenue Tree Experts, Inc.*, 2021 WL 414389, at *7 (S.D. Fla. Jan. 15, 2021), *Report and Recommendation adopted*, *Matiano v. 5th Ave. Tree Experts, Inc.*, 2021 WL 412350 (S.D. Fla. Feb. 5, 2021) (citing *Persiyantseva v. Saint Petersburg Mkt., LLC*, 2018 WL 4426141, at *5 (S.D. Fla. Aug. 3, 2018), *report and recommendation adopted,* 2018 WL 4409946 (S.D. Fla. Aug. 20, 2018)); *see also Glenn v. General Motors Corp.,* 841 F.2d 1567, 1575 (11th Cir. 1988) ("[N]othing in the legislative history associated with Section 216(b)'s passage suggests that Congress intended the term 'costs of the action' to differ from those costs as now enumerated in 28 U.S.C.A. § 1920"); *James,* 242 F.R.D. at 648-49 (denying charges for postage costs as not covered under 28 U.S.C. § 1920). Absent any appellate authority to conclude otherwise and with nothing in the statutory text of § 1920 to support the recovery of this request, Lezer's motion for $16.80 in postage costs should be **DENIED**.

### *III.* *CONCLUSION*

For the foregoing reasons, the Court **RECOMMENDS** that Lezer's motion for costs be **GRANTED in part** and **DENIED in part**:

A. Lezer's motion for $400 in filing costs should be **GRANTED**.

B. Lezer's motion to recover costs for the service of a summons and a subpoena should be **GRANTED in part** and **DENIED in part** with a total recovery, in this category, of $130.

C. Lezer's motion for $200 in *pro hac vice* costs should be **DENIED**.

D. Lezer's motion for $16.80 in postage costs should be **DENIED**.

E. The Court should enter a cost judgment in favor of Lezer in the amount of $530.[3]

---

[3] Although Lezer's motion for costs should be granted in part, all of the relief requested could have been denied because Local Rule 7.3(c) directs parties to file a bill of costs and to include "a memorandum not exceeding ten (10) pages." S.D. Fla. L.R. 7.3(c). Lezer only filed a bill of costs on form AO 133 of the Administrative office of the United States Courts and supported its request with the underlying invoices. But, the failure to include a memorandum in support of a motion for costs can be fatal, as some courts have outright denied a motion for costs that neglect to follow the Local Rules. *See, e.g., MSPA Claims 1, LLC v. Liberty Mut. Fire Ins. Co.*, 2018 WL 5098974, at *2 (S.D. Fla. Sept. 27, 2018) (denying motion for costs "[b]ecause there is no supporting memorandum as required under the Local Rules"); *see also Estrada v. Alexim Trading Corp.*, 2012 WL 4449470, at *15 (S.D. Fla. Sept. 26, 2012) ("Local Rule 7.3(a) requires that costs taxable under 28 U.S.C. § 1920 shall be sought by a party filing a bill of costs in a specific form, or in a substantially similar form, *along with a supporting memorandum*, and Plaintiff has failed to do so.") (emphasis added)). Although this is a sufficient reason to deny all of the relief requested, the Court should exercise its discretion to consider the motion on the merits and award, in part, the costs requested.

9

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 19th day of February, 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge